# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **COMPASS BANK, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-CV-1268-VEH |
| | ) |
| **JOSEPH LEON THOMAS,** | ) |
| **ARNOLD THOMAS VAN ETTEN,** | ) |
| **and THOMAS A. SMITH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Transfer by Defendants Joseph Leon Thomas, Arnold Thomas Van Etten, and Thomas A. Smith. (doc. 11). Defendants request that this action be transferred to the United States District Court for the Western District of Kentucky pursuant to the doctrine of forum non conveniens. Plaintiff Compass Bank, Inc. ("Compass Bank" or "Plaintiff") opposes the motion. (doc. 16). Defendants filed a reply to Plaintiff's opposition. (doc. 18). The matter is now ripe for review. For the reasons stated herein, Defendants' Motion to Transfer is due to be **DENIED**.

### I. Background

Defendants Joseph Leon Thomas and Arnold Thomas Van Etten are residents of Kentucky. Those individuals, along with Defendant Thomas Smith, a Virginia

resident, are members of Old South Properties, LLC ("Old South"),[1] a Kentucky limited liability company. Plaintiff is an Alabama banking corporation with its principal place of business in Birmingham, Alabama.[2]

In 2007, Defendants, acting as agents for Old South, approached Compass Bank through one of its branches located in Destin, Florida. Old South borrowed $1,530,000.00 for the purchase of a condominium in Santa Rosa Beach, Florida. To secure the loan, Old South, as mortgagor, mortgaged the condominium to Compass Bank as collateral for the loan. Plaintiff also required Defendants, as the members of Old South, to individually execute personal guaranties in the amount of $1,530,000.00. Defendants Thomas and Van Etten signed their guaranties in Kentucky and mailed the documents to Plaintiff. Defendant Smith signed his guaranty in Virginia and then mailed it to Plaintiff.

The personal guaranties each contain the following language:

THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE GUARANTORS AND THE BANK HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ALABAMA.

---

[1] Old South Properties, LLC is not a party to this lawsuit.

[2] Plaintiff asserts that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) (stating that district courts shall have jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and that are between citizens of different states).

(doc. 16, Ex. C) (emphasis in original).  The guaranties further state

> Each of the Guarantors acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction . . . that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the state of Alabama, and that the Guarantors' execution of this Guaranty will subject the Guarantors to judicial jurisdiction in the State of Alabama.

(*Id.*).

According to Plaintiff, Old South made payments on the loan until November 2008.  Plaintiff asserts that the payments made by Old South were applied to the interest on the loan, and that the principal amount of $1,530,000.00 is still owed.  In April 2009, Plaintiff sent a letter to Defendants threatening legal action due to Old South's nonpayment on its loan.  Shortly thereafter, Thomas and Van Etten filed a declaratory judgment action in the Circuit Court of Jefferson County, Kentucky ("the Kentucky Action"), requesting a determination that Kentucky law applies to their personal guaranties and that they are not personally liable under those guaranties.  Defendant Smith is not a party to the Kentucky Action.  Compass Bank, proceeding as the defendant in the Kentucky Action, removed the case to the United States District Court for the Western District of Kentucky.  Compass Bank subsequently filed the instant lawsuit in this Court for breach of the guaranty agreements.[3]

---

[3] The parties have stated, and this Court agrees, that the core dispute in both the instant case and the Kentucky Action are one and the same.

In the present case, Defendants argue that Kentucky is a more convenient forum, and that Kentucky law, not Alabama law, governs the outcome of their dispute with Compass Bank.

In the Kentucky Action, Thomas and Van Etten filed a motion to remand the matter to the Circuit Court of Jefferson County, Kentucky. Compass Bank filed a motion to transfer the Kentucky Action to the Northern District of Alabama.

This Court takes judicial notice that, on October 1, 2009, the Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, denied Thomas's and Van Etten's motion to remand.[4] That court also held that Kentucky law *does not* apply to the personal guaranties executed by Thomas and Van Etten.[5] Compass Bank's motion to transfer venue was granted, and the Kentucky Action was transferred to the Northern District of Alabama.[6]

## II. Discussion

"A district court may transfer a case for the convenience of the parties and

---

[4] *See* doc. no. 22. *See also Joseph Leon Thomas, et al. v. Compass Bank, Inc.*, No. 3:09-CV-433-H, doc. nos. 15 & 16 (W.D. Ky. Oct. 1, 2009). The Kentucky Action is now pending in this district and it is styled *Thomas, et al. v. Compass Bank, Inc.*, No. 2:09-CV-01960-IPJ. That matter has been set for a status conference on October 13, 2009 at 3:30 p.m. before the Honorable Inge P. Johnson, United States District Judge for the Northern District of Alabama.

[5] *See id.* Judge Heyburn did not go so far as to hold that Alabama law applies.

[6] *See id.*

witnesses, and in the interest of justice." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting 28 U.S.C. § 1404(a)) (internal marks omitted). "The doctrine of forum non conveniens 'authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum.'" *Ford v. Brown*, 319 F.3d 1302, 1306-07 (11th Cir. 2003) (quoting *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985)). A district court has "wide discretion" to determine whether to transfer venue under the doctrine of forum non conveniens. *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. Unit A Mar. 1981).[7]

> The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); 1 J. Moore, J. Lucas, H. Fink, D. Weckstein & J. Wicker, Moore's Federal Practice ¶ 0.145[5] (1988). Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.

*In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). *See also Robinson*, 74 F.3d at 260 ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.") (quoting *Howell v. Tanner*, 650 F.2d 610, 616

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(5th Cir. Unit B July 1981)); *Irwin v. Zila, Inc.*, 168 F. Supp. 2d 1294, 1296 (M.D. Ala. 2001) ("The burden is on the moving party to prove that a case should be transferred . . . ."). The moving party meets its burden in a two-step process. *See Irwin*, 168 F. Supp. 2d at 1296 ("Resolution of a Section 1404 [m]otion involves a two-step analysis.").

The moving party must first demonstrate that the action could have originally been brought in the transferee forum. *See, e.g., Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("Section 1404 operates where there are two (or more) forums where a suit could be brought and where it could proceed . . . ."); *Tivoli Realty, Inc. v. Interstate Circuit*, 167 F.2d 155, 156-57 (5th Cir. 1948) ("The doctrine of forum non conveniens furnishes the criteria for choice between two or more forums in which the defendant is amenable to process. At least two such forums must be open to the plaintiff before the doctrine comes into play; and they shall not be dependent merely upon the will or grace of the defendant, but must be provided by law."); *Irwin*, 168 F. Supp. 2d at 1296 ("The first step is to "determine whether the action could originally have been brought in the transferee forum.") (quoting *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999)). It stands to reason, therefore, that if venue is not proper in the proposed transferee forum, a court's analysis should end, and the motion to transfer should be denied.

Once the movant has satisfied a court that the transferee forum is a proper one, the court must then balance a number of factors to determine whether transfer is appropriate. In making its determination, the court should consider, among other equitable factors, (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "[T]he court abuses its discretion when it fails to balance the relevant factors."[8] *Ford*, 319 F.3d at 1308 (quoting *La Seguridad v. Transytur Line*,

---

[8] The *Ford* court described the balancing test as follows:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

707 F.2d 1304, 1308 (11th Cir. 1983)) (bracketed text in original).

### A.   The Transferee Forum

The proposed transferee forum is the United States District Court for the Western District of Kentucky. For purposes of this action, which is before this Court on diversity jurisdiction, venue is proper only as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law,[9] be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part

---

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), *superceded on other grounds by* 28 U.S.C. 1404)). *See also*, *e.g.*, *Johnson v. G.D. Searle & Co.*, 552 A.2d 29, 31 (Md. 1989) (("The importance of common law forum non conveniens in the federal courts was somewhat diminished in the year following *Gulf Oil* by the enactment of present Title 28 U.S.C. § 1404(a) (1982) by Pub.L. No. 80-773, § 1404(a), 62 Stat. 869, 937 (1948) . . . . Although the doctrine of forum non conveniens and § 1404(a) have similar conceptual roots, they are not identical."). This Court concludes that the factors articulated in *Manuel* and the balancing test stated in *Ford* are neither in conflict nor inconsistent with one another. In reaching its determination of the present motion, the Court has considered both *Manuel* and *Ford*.

[9] Neither Plaintiff nor Defendants have argued the applicability of any venue statute other than 28 U.S.C. § 1391.

> of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In the present case, Defendants reside in different states. Accordingly, 28 U.S.C. § 1391(a)(1) is not applicable.

Looking next to 28 U.S.C. § 1391(a)(2), venue is proper in the Western District of Kentucky only if "a substantial part of the events" regarding the personal guaranties took place there, or if "a substantial part of the property that is the subject of the action is situated" in that district. 28 U.S.C. § 1391(a)(2). This Court agrees with Judge Heyburn that "it appears that of all the states involved, Kentucky may have the least contacts with the transaction." *Joseph Leon Thomas, et al. v. Compass Bank, Inc.*, No. 3:09-CV-433-H, at 6 (W.D. Ky. Oct. 1, 2009).

Defendants sought a loan in Destin, Florida, from Compass Bank. That entity is based in and organized under the laws of Alabama. The purpose of the loan was to finance Defendants' purchase, through Old South, of a condominium located in Santa Rosa Beach, Florida. Defendants each signed a personal guaranty that states, quite plainly, that Defendants agree to personal jurisdiction in an Alabama court and that Alabama law applies to any rights and obligations arising under the guaranties.

The only "event" giving rise to Plaintiff's claims that occurred in the Western District of Kentucky is that Defendants Thomas and Van Etten, who are residents of Kentucky, signed their guaranties within the borders of that judicial district. However, the importance of that event, for purposes of determining whether the Western District of Kentucky is a proper venue for this dispute, is obfuscated by the fact that the personal guaranties provide that "[e]ach of the Guarantors acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction . . . ." (doc. 16, Ex. C). Further, the guaranties were received by Compass Bank in Florida (doc. 16, Ex. B, ¶ 4). Based upon those facts, the Western District of Kentucky is not a proper venue for this lawsuit under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events forming the basis of Plaintiff's claims did not occur in that district.

The overwhelming majority of the relevant events regarding Plaintiff's claims occurred in Florida. Moreover, the only real property that is associated with this dispute is in Florida. Therefore, pursuant to 28 U.S.C. § 1391(a)(2), venue would be proper in the United States District Court for the Northern District of Florida.[10]

---

[10] The Court notes that Santa Rosa Beach, Florida, and Destin, Florida, are located in the Northern District of Florida. *See* 28 U.S.C. § 89(a). This Court makes no finding as to whether venue is more appropriate in the Northern District of Alabama than in the Northern District of Florida.

Because there is a judicial district in which this action is properly brought, 28 U.S.C. § 1391(a)(3) is not applicable to this case.

This Court finds that Defendants have failed to demonstrate that venue is proper in the Western District of Kentucky. As such, the Motion to Transfer is due to be denied, and the Court need not balance the *Manuel* and *Ford* factors to determine if transfer is appropriate.

### B. The *Manuel* and *Ford* Factors

Assuming *arguendo* that the Western District of Kentucky is a proper venue for this action, the Motion to Transfer is nevertheless due to be denied. The Court has carefully considered the nine *Manuel* factors listed *supra* as well as the balancing considerations of *Ford*, *supra*, and concludes that the balance of those factors weighs heavily against the transfer of this action. *See Ford*, 319 F.3d at 1307 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

The only factor that superficially tilts in Defendants' favor is that the Court is obligated to consider the convenience of the parties when ruling on a motion to transfer venue. *See Maunel*, 430 F.3d at 1135 n.1; *Ford* 319 F.3d at 1307. Two of the three defendants live in Kentucky. The third defendant lives in Virginia; however, Defendants argue that he is regularly in the Western District of Kentucky

for business purposes, and that it would be more convenient for him to litigate in that forum.

Plaintiff argues that transferring this case would merely shift the inconvenience away from Defendants and place it upon the Plaintiff. The Court agrees, and is not inclined to transfer a case when such an action would do nothing more than reposition the inconvenience from one party to another.[11] *See, e.g., Robinson*, 74 F.3d at 260 ("The district court found that transferring the case to Michigan would merely shift inconvenience from the defendants to the plaintiff, implying that the plaintiff's choice of forum was not outweighed by other factors. We see no abuse of discretion in that decision.").

## III. Conclusion and Order

Defendants' Motion to Transfer (doc. 11) is **DENIED**.

This case is hereby set for a status conference at **12:30 p.m. on October 13, 2009** in the chambers of the undersigned judge, Hugo Black United States Courthouse, 1729 5th Avenue North, Suite 619, Birmingham, Alabama 35203.

---

[11] In reaching this conclusion, the Court is mindful that a plaintiff's choice of forum is to be afforded considerable deference. *See, e.g., In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). However, the Court agrees that "[t]he courts have repeatedly held that a 'natural' plaintiff's substantive suit should take precedence over an anticipatory declaratory judgment action filed by a defendant/putative plaintiff in an attempt to gain a more favorable forum." (doc. 16, p. 2 and citation set forth therein.)

**DONE** and **ORDERED** this the 5th day of October, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge