## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **COMPASS BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:   2:09-CV-1268-VEH** |
| | ) | **2:09-CV-1960-VEH** |
| **JOSEPH LEON THOMAS,** | ) | |
| **ARNOLD THOMAS VAN ETTEN,** | ) | |
| **and THOMAS A. SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

Before the Court is the Plaintiff's Motion for Summary Judgment (doc. 31), filed May 3, 2010.  The Defendants filed a response (doc. 32) on May 24, 2010, and Plaintiff filed a reply (doc. 33) on June 7, 2010.  For the reasons set forth below, the motion is due to be **GRANTED.**

## PROCEDURAL BACKGROUND

The Plaintiff, Compass Bank (hereinafter "Compass"), filed its complaint in this court on June 24, 2009, based upon diversity of citizenship.  Compass alleged a claim of breach of guaranty against each of the Defendants, Joseph Leon Thomas, Arnold Thomas Van Etten, and Thomas A. Smith.   The complaint demanded judgment against each defendant "in the amount of One Million, Five Hundred and

Thirty Thousand and 00/100 Dollars ($1,530,000.00) plus interest as described in the Note, court costs, costs of collection, including reasonable attorneys' fees, and such other amounts to which Compass is entitled." (Pl.'s Compl., pp. 5-6 (doc. 1)). On July 17, 2009, the Defendants moved to transfer this case to the U. S. District Court for the Western District of Kentucky based upon the doctrine of forum non conveniens. The court denied the motion on October 5, 2009. On May 3, 2010, Compass filed its motion for summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories,

2

and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant.  *See, e.g., Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See, e.g., Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)).  If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; *i.e.* facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes

3

such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence

4

sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## **FACTUAL BACKGROUND**[1]

In the fall of 2007, the Defendants[2] asked Compass "to loan them funds to purchase a condominium in Santa Rosa Beach, Florida (near Destin) referred to as Unit 1115, Sanctuary by the Sea, Florida."  (Undisputed Fact 2).[3]  Prior to the

---

[1]Keeping in mind that, when deciding a motion for summary judgment, the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts.  *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party).  This statement does not represent actual findings of fact.  *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007).  Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[2]The Defendants, Joseph Leon Thomas, Arnold Thomas Van Etten, and Thomas A. Smith, "are or were certified professional accountants ("CPAs").  (Pl.'s Mot. for Summ. J., doc. 31, p. 2, filed May 3, 2010).

[3]The Defendants do not dispute the relevant facts as set forth in Plaintiff's motion.  (Defs.' Resp. to Mot. for Summ. J., doc. 32, p. 1, filed May 24, 2010).  These facts are referred to herein as "Undisputed Facts," and refer to the Plaintiff's Statement of Undisputed Relevant Facts set forth in the Plaintiff's Motion for Summary Judgment, document 31, filed May 3, 2010.  The Defendants provided additional facts in their response, but failed to follow the requirements for setting forth additional facts, as provided in Appendix II of the Uniform Initial Order, doc. 13, pp. 16-17, filed July 20, 2009.  Therefore, the Defendants' additional facts are not before this court for purposes of the pending motion.  Further, although the statements contained in the

purchase of the property, the Defendants created a limited liability company, Old South, "to assume ownership of the Property with the Defendants as Old South's owners." (Undisputed Fact 4). "On December 10, 2007, Compass agreed to loan the Defendants $1,530,000 to complete their purchase of the Sanctuary by the Sea property." (Undisputed Fact 5). The terms of the note required "monthly payments from February 1, 2008 [sic] through January 1, 2038," with a monthly payment of $8,446.88 based upon a fixed rate of interest through the end of 2012, then changing to an adjustable rate of interest for the remaining term of the loan. (Undisputed Fact 6). All three of the Defendants signed an "unlimited 'Continuing Guaranty' agreement. Compass made the loan based, in part, on these unconditional guarantees." (Undisputed Fact 7). "The Guaranty Agreement unconditionally guarantees any and all indebtedness owed by Old South to Compass both jointly and severally:

> FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, the undersigned (hereinafter called the "Guarantors"), jointly and severally unconditionally guarantee and promise to pay to COMPASS BANK a bank organized under the laws of the State of Alabama (hereinafter called "Bank") or order in lawful money of the United States, any and all Indebtedness of . . . OLD SOUTH PARTNERS, L.L.C., A

---

Plaintiff's Statement of Undisputed Relevant Facts are undisputed, this court has, because it must, "review[ed] the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009), *citing Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).

KENTUCKY LIMITED LIABILITY COMPANY. . . (hereinafter called "Borrowers", whether one or more) to Bank.

(Undisputed Fact 8). The Continuing Guaranty requires the Defendants to "repay all indebtedness of Old South, including interest and attorney's fees," as provided in the agreement as follows:

> . . . The word "Indebtedness" is used here in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities of Borrowers or any one or more of them to Bank, heretofore, now, or hereafter existing, made, incurred or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, not limited to, but including principal, interest, cost of collection, attorney's fees and all other lawful charges. . . . [T]he term Indebtedness includes . . . all fees and charges associated with any account, loan or other service received by Borrower from Bank. . . .

(Continuing Guar., Exs. 3, 4, and 5, p. 1, attached to Ex. D, Pl.'s Mot. for Summ. J., doc. 31-4, filed May 3, 2010). The Continuing Guaranty "also provides that Compass may collect on the guaranties provided by the Defendants regardless of whether Compass has first exhausted its remedies against Old South," (Undisputed Fact 10), as provided in the Guaranty as follows:

> The liability of the Guarantors hereunder is primary, direct and immediate. The obligations of the Guarantors hereunder are joint and several, and independent of the obligations of Borrowers, and a separate action or actions may be brought and prosecuted against any one or more of the Guarantors whether action is brought against Borrowers or any other Guarantor or whether any of the Borrowers or other Guarantors are joined in any such action or actions.

7

. . . .

. . . .

       Each of the Guarantors waives any right to require Bank to (a) proceed against any one or more of the Borrowers or the Guarantors; (b) protect, preserve, proceed against or exhaust any security held from Borrowers; or (c) pursue any other remedy in Bank's power whatsoever.

(Continuing Guar., Exs. 3, 4, and 5, p. 1, 2, attached to Ex. D, Pl.'s Mot. for Summ. J., doc. 31-4, filed May 3, 2010).  The Continuing Guaranty further provides that "[e]ach of the Guarantors waives any and all applicable defenses to the enforcement of this Guaranty, to any rights of Lender created or granted hereby or to the recovery by Lender hereunder. . . ."  (Continuing Guar., Exs. 3, 4, and 5, p. 2, attached to Ex. D, Pl.'s Mot. for Summ. J., doc. 31-4, filed May 3, 2010)  In or around November 2008, "Old South stopped repaying[4] its loan to Compass.  To date, it has paid only $84,468.88 in scheduled interest payments (*i.e.*, 10 months x $8,446.88)." (Undisputed Fact 12).  The Defendants as guarantors of the loan "refused to honor their respective guaranty agreements," based upon "an alleged lack of funds." (Undisputed Facts 13, 14).  "Compass is now owed $1,693,249.78 in principal, interest, and other charges on the loan it made to Old South."  (Undisputed Fact 15). In addition, "Compass has incurred approximately $58,009.39 in attorney's fees and

---

     [4]According to Old South, it stopped making payments because of lack of funds. (Undisputed Fact 12).

costs arising out of its attempt to collect the amounts owed by the Defendants, including $49,868.82 in fees and $8,140.57 in expenses." (Undisputed Fact 16).

## DISCUSSION

Compass contends that it is entitled to summary judgment on the Defendants' guaranty agreements. According to Compass, "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." (Pl.'s Mot. for Summ. J., doc. 31, pp. 11-12, filed May 3, 2010, *citing Sharer v. Bend Millworks Systems, Inc.*, 600 So.2d 223, 226 (Ala. 1992) (other citation omitted)). Compass claims that all three elements are met in this case because the Defendants do not dispute that they entered into the agreements; Old South defaulted on the note; and the Defendants have refused to pay in accordance with the guaranty agreements.

The Defendants argue that Compass "should be denied summary judgment on the guaranties, and thus the right to collect on the guaranties, until Plaintiff has foreclosed and sold at judicial sale, the very property the guaranteed loan was used to purchase." (Defs.' Resp. to Mot. for Summ. J., doc. 32, p. 2, filed May 24, 2010.) According to the Defendants, in prosecuting this action rather than foreclosing on the property in Florida, Compass "has denied the Defendants certain protections

regarding any deficiency judgment under Florida law." (Defs.' Resp., doc. 32, pp. 2-3).  In addition, the Defendants contend that "[i]t is inequitable for [Compass] to file a foreclosure action[5] on the asset that could be used by the guarantors to help satisfy the debt while proceeding to seek satisfaction on that debt from the personal assets of the guarantors." (Defs.' Resp., doc. 32, p. 4).  The Defendants therefore argue that the court should use its equitable powers to deny the motion for summary judgment and "force [Compass] to sell the Florida property before seeking satisfaction on the personal guaranties." (Defs.' Resp., doc. 32, p. 4).

Under Alabama law, "the rules governing the interpretation and construction of contracts are applicable in resolving a question as to the interpretation or construction of a guaranty contract." *Colonial Bank v. Ala. v. Coker*, 482 So.2d 286, 291 (Ala. 1985), *citing* 38 Am. Jur. 2d Guaranty § 70 (1968).  "[W]hen the terms of a contract are unambiguous, the contract's construction and legal effect become a question of law for the court, and when appropriate may be decided by summary judgment." *Colonial Bank*, 482 So.2d at 291, *citing Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers,* 435 So.2d 716, 720 (Ala.1983)

---

[5]Compass filed "a foreclosure complaint against Old South Partners, LLC in the spring of 2009 but that complaint was not served or prosecuted." (Pl.'s Reply, doc. 33, p. 2, n.1, filed June 7, 2010).  Compass pointed out in its reply that "[t]he Defendants remain free to sell the condominium to realize its value and help pay any judgment that Compass may secure against them." (Pl.'s Reply in Supp. of Mot. for Summ. J., doc. 33, p. 2-3, n.1, filed June 7, 2010.

(citations omitted).

As Compass correctly cited in its motion, "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Sharer v. Bend Millwork Systems, Inc.*, 600 So.2d 223, (Ala. 1992), *quoting Delro Indus., Inc. v. Evans*, 514 So.2d 976 (Ala. 1987). These elements are clearly met in this case. The Defendants do not dispute that each of them individually entered into Continuing Guaranty agreements with Compass for the indebtedness of Old South Partners, LLC. The Defendants also do not dispute that Old South defaulted on its agreement with Compass. Lastly, the Defendants do not dispute that each of the Defendants, individually, as guarantors failed to make payments to Compass as required by the terms of the Continuing Guaranty agreements. Thus, the Defendants have failed to offer any evidence that tends to show the existence of a material fact question on the issue of whether they should be liable under the terms of the Continuing Guaranty agreements.

The only defense offered by the Defendants in response to the summary judgment motion is that it is inequitable for the court to enforce the guaranty agreements. The Defendants contend that the court should use its equitable powers to deny the motion for summary judgment and "force [Compass] to sell the Florida

11

property before seeking satisfaction on the personal guaranties." (Defs.' Resp., doc. 32, p. 4).   Compass counters that the Defendants' estoppel claim is barred by a provision in the agreement.   According to Compass, by signing the Continuing Guaranty agreements, the Defendants waived the relief they now seek.

The Continuing Guaranty agreements provide in pertinent part that "[e]ach of the Guarantors waives any right to require Bank to . . . protect, preserve, proceed against or exhaust any security held from Borrowers; or [] pursue any other remedy in Bank's power whatsoever." (Continuing Guar., Exs. 3, 4, and 5, p. 1, 2, attached to Ex. D, Pl.'s Mot. for Summ. J., doc. 31-4, filed May 3, 2010).   The Defendants have failed to cite any authority for their proposition that the court should force Compass to foreclose on the security before allowing Compass to seeking satisfaction on the personal guaranty agreements.   In addition, the Defendants have failed to provide any evidence or cite any law that tends to show that the waiver provision is not enforceable.

Lastly, the Defendants cannot establish the necessary elements for the application of equitable estoppel.   "An estoppel . . . has three important elements. The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence.   The other relies upon that communication.   And the other would be harmed materially if the actor is

later permitted to assert any claim inconsistent with his earlier conduct." *Hughes v. Mitchell Co., Inc.*, ___ So.2d ____, Nos. 1060109 & 1060201, 2010 WL 1424282, at *7 (Ala. Apr. 9, 2010) (citations omitted). The Defendants have not provided any evidence, and in fact do not even allege, that Compass communicated something to them in a misleading way. Therefore, the Defendants have failed to demonstrate that equitable estoppel applies in this case.

For these reasons, Compass's motion for summary judgment is due to be **GRANTED**. Accordingly, Compass is entitled to recover from the Defendants the outstanding principal, interest, and other fees, as provided under the terms of the Continuing Guaranty agreements.

## <u>CONCLUSION</u>

For the reasons stated herein, the court finds that the Plaintiff's Motion for Summary Judgment (doc. 31) is due to be **GRANTED** in favor of Plaintiff, Compass Bank, on all claims against the Defendants, Joseph Leon Thomas, Arnold Thomas Van Etten and Thomas A. Smith. The Plaintiff is entitled to recover from the Defendants, jointly and severally, the amount of $1,751,259.17.[6]

---

[6]This amount represents $1,693,249.78 in principal, interest, and other charges on the loan to Old South Partners, LLC, plus $49,868.82 in attorney's fees, plus $8,140.57 in expenses. (Undisputed Facts 15, 16). The Defendants did not dispute the application of the provision of the guaranty agreements which require them to pay attorney's fees and expenses, nor did they dispute the amount of attorney's fees and expenses claimed.

A separate Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 26th day of October, 2010.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge
